**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| REYNALDO ROSARIO, | : | |
| | : | |
| Plaintiff, | : | Civil No. 08-4703 (DRD) |
| | : | |
| v. | : | |
| | : | |
| ROBERT McNAUGHT, et al., | : | **O P I N I O N** |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Reynaldo Rosario, Pro Se
#22362-050
FCI Fort Dix
Housing Unit 5852, Room 307
P.O. Box 2000
Fort Dix, NJ 08640

**DEBEVOISE, District Judge**

Plaintiff, Reynaldo Rosario, currently incarcerated at the Federal Correctional Institution, Fort Dix, New Jersey, seeks to bring this action in forma pauperis, without prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.[1]

---

[1] This case was previously administratively terminated because Plaintiff failed to either pay the $350.00 filing fee or apply to proceed in forma pauperis. On October 10, 2008,

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, Plaintiff's complaint will be dismissed.

## **BACKGROUND**

Plaintiff seeks to sue under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 389 (1971), alleging that the defendants violated his constitutional rights. Plaintiff names as defendants Robert McNaught, an officer of the Customs Department; Olayi Milian, Rene Beltran, and Michael Malagon, private citizens who may have been informants in his criminal case; and James McMahon, an Assistant United States Attorney for the District of New Jersey. (Complt., ¶¶ 20-24).

Plaintiff's complaint recounts the history of his criminal case, dating back to 1993, up to his sentencing in 1999. (Complt, ¶¶ 27-41). Plaintiff notes that in April of 1993, an indictment was issued against him charging two counts: Conspiracy with Intent to Distribute Cocaine, and Possession of Cocaine. Plaintiff was sentenced for the possession of 50 kilograms of cocaine; however,

---

Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> was received by the Court, and this case has been reopened under separate Order.

he believed that he was only being charged and convicted for 5 kilograms of cocaine.  (Complt., ¶¶ 37-38).

Plaintiff asks that a proper investigation be made, "so the missing, unmentioned 45 kilograms of cocaine whereabouts, could come to light, which was never, and I repeat which was never presented in any of my proceedings in Plaintiff's case or even brought as evidence when Plaintiff's arrest was taking place." (Complt., ¶ 39).  Plaintiff alleges that the day of his arrest, "the vehicle that transported both Plaintiff . . . and the 50 kilograms of cocaine that I got charge[d] with, stood in possession of Defendants Olayi Milian, Robert McNaught and his Special Agents.  I never saw the 50 kilograms or never in possession, it was hidden so the Defendants could steal the 45 kilograms that were missing."  (Complt., ¶ 40).

Plaintiff asks for monetary and other relief.

## DISCUSSION

**A.   Standard of Review**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the

plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

4

**B.**     ***Bivens* Actions**

Plaintiff's claims against the defendant federal actors, have their jurisdictional basis under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).  Under Bivens, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment.  In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983.  The Supreme Court has also implied Bivens damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).

In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law.  See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

Bivens actions are analogous to suits under 42 U.S.C. § 1983 against state officials who violate federal constitutional or statutory rights.  The two bodies of law are not "precisely parallel;" however, there is a "general trend" to incorporate §

1983 law into Bivens suits.  See  Egervary v. Rooney, 80 F. Supp. 2d 491 (E.D. Pa. 2000) (citing Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987)).

**C.     Defendant McMahon Will Be Dismissed from this Action.**

Plaintiff names as a defendant in this action Assistant United States Attorney ("AUSA") James McMahon, a federal prosecutor.  He alleges that AUSA McMahon issued the formal complaint against him, charging him for 5 kilograms of cocaine.

However, the claims against this defendant must be dismissed, as federal prosecutors are generally immune from suit under Bivens.  See Brawer v. Horowitz, 535 F.2d 830 (3d Cir. 1991) (federal prosecutor against whom Bivens claim was brought was entitled to absolute immunity where the allegations relate solely to his initiating and presenting a criminal case); see also Yarris v. County of Delaware, 535 F.3d 129, 139 (3d Cir. 2006).  Thus, this defendant will be dismissed from this action, with prejudice.

**D.     Plaintiff's Claims Do Not Warrant Relief.**

Plaintiff's claim that he was wrongly convicted and/or sentenced based on the quantity of cocaine listed in the indictment are not proper claims under Bivens.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28

6

U.S.C. § 2254.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable

7

outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  <u>Id.</u> at 489-90.

"Considering <u>Heck</u> and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - <u>if</u> success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'"  <u>Williams v. Consovoy</u>, 453 F.3d 173, 177 (3d Cir. 2006) (quoting <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005)) (emphasis in original).

8

The claims asserted by Plaintiff regarding the investigation and evidence presented at his trial, and his sentencing, are the type of claims that would necessarily demonstrate the invalidity of his conviction.  Accordingly, these claims have not yet accrued and must be dismissed, without prejudice.  See Wallace v. Kato, 127 S. Ct. 1091 (2007); Adams v. City of Oakland, 1995 WL 150562 (N.D. Cal. 1995).[2]

## CONCLUSION

Based upon the foregoing, Plaintiff's complaint will be dismissed.  The Court will file an appropriate order.

*s/ Dickinson R. Debevoise*
DICKINSON R. DEBEVOISE
United States District Judge

Dated: April 1, 2009

---

[2] Although Plaintiff is a federal prisoner, the reasoning of Heck applies to federal prisoners' Bivens claims. See Williams v. Hill, 74 F.3d 1339, 1341 (D.C. Cir. 1996)(reasoning that Bivens claims and Section 1983 claims are similar and Heck applies to Bivens claims); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (same); Zolicoffer v. Federal Bureau of Investigation, 884 F. Supp. 173, 175-76 (M.D. Pa. 1995)(same).